## WILDER v. MOFFAT.

(Supreme Court, Appellate Term.  January 2, 1901.)

1. LANDLORD AND TENANT—EVIDENCE—ISSUES.

Where defendant was tenant of plaintiff under a lease including a certain mirror in the house, and the mirror was broken under such circumstances as to render defendant liable therefor, it was error in an action for damages to admit evidence that after the breaking plaintiff had conveyed the house, there being no allegation in the answer that plaintiff was not the real party in interest.

2. SAME.

The legal effect of the conveyance was to be determined from the instrument itself.

3. SAME.

The evidence was immaterial, since it would not be presumed that the conveyance included a cause of action for injury to personal property in the house.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Mary A. Wilder against Charles A. Moffat.  From a judgment in favor of defendant, plaintiff appeals.  Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Bruce R. Duncan, for appellant.
Edwin F. Stern, for respondent.

PER CURIAM.  The defendant was tenant of plaintiff under a written lease which covered not only the house, but also certain mirrors, cornices, and gas fixtures.  A mirror included in the lease was broken under circumstances which would have justified a judgment against the defendant.  Certainly its destruction did not result from reasonable use and wear, nor from the action of the elements.  The pleadings were written, and the answer, after denying the material allegations of the complaint, set up as the sole affirmative defense the statute of limitations.  The destruction of the mirror occurred in December, 1898, when the plaintiff was the unquestioned owner of the house as well as the mirror.  The justice permitted oral evidence to be introduced tending to show that in February, 1899, the plaintiff had conveyed the house to her daughter, and also permitted questions to be put and answered touching the legal effect of the conveyance, giving as a reason that what the court desired to know was whether the plaintiff was the real party in interest.  All this evidence was clearly incompetent and improper.  In the first place, there was no allegation in the answer that the plaintiff was not the real party in interest, and no such issue was present in the case; in the second place, the legal effect of the conveyance was a matter which should have been determined by the court from the conveyance itself, and not by the examination of a witness; and, in the third place, the whole testimony was immaterial, because a deed of the house would not, presumably, include the transfer of a claim for damages to personal property in the house.  The court also admitted in evidence certain papers in a former action between the parties.  This action, however, had never

gone to trial, but had been discontinued or dismissed. In any event, it was not res adjudicata, and was immaterial. As it is impossible to say that these errors may not have influenced the judgment, it must be reversed, and a new trial granted, with costs to the appellant to abide the event.